UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE LUIS PAREDES PERAZA,

      Plaintiff,

    v.

WARDEN, FLORIDA SOFT SIDE
SOUTH DETENTION CENTER,
U.S. ATTORNEY GENERAL,

      Defendants.

Case No. 2:26-cv-1919-KCD-KRH

_____/

## **ORDER**

Petitioner Jose Luis Paredes Peraza is a citizen of Venezuela currently detained by U.S. Immigration and Customs Enforcement ("ICE"). He asks this Court to release him, arguing that his detention without a bond hearing violates the Immigration and Nationality Act and the Fifth Amendment. (Doc. 1.)[1] As for relief, he seeks either immediate release from custody or a bond hearing. (Doc. 1 at 14.)

Peraza has already received a bond hearing, which was denied. (*See* Doc. 8-1 at 20-21.) So the Government argues that this habeas petition is now moot. (Doc. 8.) The Court agrees, and here is why.

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

Article III of the Constitution limits federal courts to resolving actual, ongoing controversies. We do not issue advisory opinions, and we do not keep cases on the docket when the underlying dispute has evaporated. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335 (11th Cir. 2001). When Peraza filed his petition, his only grievance was that he had been locked up with no mechanism for release. (Doc. 1.) But the Government has afforded Peraza the very opportunity to contest his detention that he asked this Court to provide. (Doc. 8-1 at 20-21.) He has thus received process. And he reserved his right to appeal those decisions. (*Id.* at 21.)

The Court does not have jurisdiction to overturn the immigration judge's bond decision. *See* 8 U.S.C. § 1226(e). And Peraza has avenues available to challenge a bond determination made by the Executive Office for Immigration Review. *See* 8 C.F.R. § 1003.1(b)(7) (allowing Board of Immigration Appeals jurisdiction over appeals of bond determinations made under 8 C.F.R. § 1236). He also may seek a new bond hearing before the immigration judge if he can demonstrate a material change in circumstances. *See* 8 C.F.R. § 1003.19(e).

The Fifth Amendment claim, where Peraza challenges the constitutionality of his continued detention, also fails. ICE detained him on January 19, 2026. That is short of the indefinite, limbo-like detention that

the Supreme Court has rejected under the Fifth Amendment. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

Because Peraza has failed to demonstrate any violation of the Constitution or laws of the United States that is cognizable or would necessitate his release, the habeas petition must fail. The Clerk is **DIRECTED** to terminate any pending motions and deadlines and close the case.

**ORDERED** in Fort Myers, Florida on June 23, 2026.

Kyle C. Dudek
United States District Judge